Enrique MARTINEZ SANTIAGO,
Petitioner,

v.

Michael B. MUKASEY, Attorney
General, Respondent.

No. 05–75198.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 4, 2008.

Jaime Jasso, Esq., California Alien Rights Project, LLC, Immigration Appealsworks, Westlake Village, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Ernesto H. Molina, Jr., Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, RAWLINSON,
and M. SMITH, Circuit Judges.

MEMORANDUM **

Enrique Martinez Santiago, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals'

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

("BIA") order denying his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We grant in part and dismiss in part the petition for review, and remand for further proceedings.

The BIA abused its discretion in determining that the evidence contained in the witness affidavit Martinez Santiago submitted was not new evidence and could have been presented at the removal hearing. *See* 8 C.F.R. § 1003.2(c)(1); *see also Bhasin v. Gonzales,* 423 F.3d 977, 987 (9th Cir.2005) (where the evidence becomes available during the pendency of an appeal to the BIA it was not "previously available" for purposes of a motion to reopen).

We lack jurisdiction over Martinez Santiago's procedural due process claims because they pertain to the BIA's dismissal of Martinez Santiago's appeal, from which he did not petition for review. *See* 8 U.S.C. § 1252(b)(1); *Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996) (the filing of a motion to reopen does not toll the filing period for a petition for review of an underlying final order of removal).

**PETITION FOR REVIEW GRANTED in part; DISMISSED in part; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.